CIRCUIT COURT OF THE CITY OF RICHMOND

Richmond Mercury Corp. et al.

    v.

Melvin E. Williams

May 16, 1975

By JUDGE RICHARD L. WILLIAMS

Petitioners claim a right to access under Virginia's Freedom of Information Act to certain records maintained by the Fire Prevention Division of the Richmond Fire Bureau and now seek to enforce this right by writ of mandamus against respondent, who is Chief of the Fire Prevention Division.

The Virginia Freedom of Information Act as adopted in 1968 was assigned number § 2.1-340 to § 2.1-346 and has been amended by subsequent sessions of the General Assembly. The pertinent parts of § 2.1-342, which will be dispositive of the instant case, now read:

> (a) Except as otherwise specifically provided by law, all official records shall be open to inspection and copying by any citizens of this state during the regular office hours of the custodian of such records. Access to such records shall not be denied to any such citizen of this State, nor to representatives of newspapers and magazines with circulation in this State, and representatives of radio and television stations broadcasting in or into this State; provided, that the custodian of such records shall

take all necessary precautions for their preservation and safekeeping.

(b) The following records are excluded from the provisions of this chapter:

(1) Memoranda, correspondence, evidence and complaints related to criminal investigations, and reports submitted to the State and local police in confidence.

Respondent claims immunity from disclosure under subsection (b)(1).

The Supreme Court of Virginia, in Archer v. Mayes, 213 Va. 633, had occasion to interpret what an "official record" was within the meaning of the statutory definition, but otherwise has not ruled on any provisions of the Act.

Federal courts have interpreted various provisions of the Federal Freedom of Information Act, Title, USCA § 552, including a provision similar to Virginia's § 2.1-342(b)(1), but in doing so had the benefit of legislative hearings that provided some insight into legislative intent. Welford v. Hardin, 444 F.2d 21, Stokes v. Brennan, 476 F.2d 699. No such background material is available to decipher legislative intent in Virginia.

Borrowing from the rationale adopted by the court in deciding Welford v. Hardin, supra, a balancing of the public's right to information against any interference with orderly criminal investigation and law enforcement must be made. Application of this rationale brings us to the Richmond City Code provisions under which respondent operates.

Article 2 of the Richmond City Code states the intent of the Article to be:

Sec. 17-11. Intent of article.

The intent of this article is to make reasonable provisions to safeguard life and property from the hazards of fire, explosion and similar causes by regulating the storage, handling and use of potentially dangerous and hazardous articles and materials to a reasonable and proper degree appropriate to the occasion.

Section 17-12 then creates the fire prevention division of the bureau of fire, and duties of this division are listed in § 17-13 as follows:

It shall be the duty of the division to enforce all laws and ordinances unless otherwise specifically provided to the contrary covering the following:

(1) The prevention of fires and explosions.
(2) The investigation of the cause, origin and circumstances of fires and explosions.
(3) The installation and maintenance of fire extinguishing equipment.
(4) The storage and use of explosives and flammables.
(5) The maintenance, protection and the elimination of hazards in buildings and structures, obstructions of fire escapes and exits.

The division shall have such other powers and perform such other duties as are set out in other sections of this article and other ordinances and as may be conferred and imposed from time to time by law. It shall be the duty of the division to cooperate with and report to all other appropriate departments of the city having jurisdiction, such instances as may come to its attention of the violation of any fire prevention or fire safety rules, laws and regulations normally administered by such departments.

The mechanics by which respondent obtains the information now sought arises from § 17-16 of the Richmond City Code. According to petitioner's affidavit an inspector from respondent's staff determines a violation and then serves notice of the violation on the violator, giving a specified time period in which to bring his building into compliance. The violator has an option to appeal the violation notice to the Board of Fire Appeals, or to bring his building into compliance. If either the appeal is affirmed, or if no appeal is taken, compliance is necessary to avoid prosecution. It seems apparent that the thrust of the procedures outlined above is to promote compliance with safety standards calculated to prevent fires and dangers associated therewith rather than criminal prosecution. Moreover, § 17-15 of the Richmond City Code gives the chief of the fire prevention division some discretion in permitting minor variations from published and accepted standards to go uncorrected and unprosecuted.

Respondent admits that he maintains records of the several procedures detailed in petitioner's affidavit and called for under § 17-16 of the City Code, and I find that such records are "official records" within the meaning of § 2.1-341(b) of the Code of Virginia. Respondent's efforts to exempt these records from disclosure on the strength of § 2.1-342(b)(1) is an overly broad and unwarranted suppression of information that the public has entitlement to under the Freedom of Information Act.

Counsel are requested to present an order that directs the respondent to make available those records maintained in his office which are generated by the procedure referred to in petitioner's affidavit or comparable procedures adopted under § 17-16 of the Richmond City Code. The effect of this ruling is to exempt from disclosure only those records maintained by respondent which culminate in criminal prosecutions.